IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

SHEILA M. NOLAN,                              )
                                             )
                    Plaintiff,               )
                                             )
vs.                                          )      CASE NO. CIV-04-204-T
                                             )
BOARD OF COUNTY COMMISSIONERS                )
  FOR OKLAHOMA COUNTY,                       )
                                             )
                    Defendant.               )


ORDER

Before the court is the defendant's motion to strike [Doc. No. 52] the plaintiff's expert witness and his report.  Plaintiff has timely responded to the motion.

Defendant seeks to strike the expert witness because plaintiff failed to submit the expert's report within the time limits prescribed by Fed. R. Civ. P. 26 and this court's pretrial schedule. Although plaintiff timely notified defendant of the identity of her expert witness by letter dated February 14, 2005, she did not submit the required expert witness report until September 26, 2005. Although plaintiff was granted a ten-day extension of time in which to submit the report, she did not do so.  In the interim, the scheduled deadline for filing Daubert[1] motions expired.

Defendant contends that it has been prejudiced by plaintiff's submission of the expert report more than seven months after the deadline and approximately five months after the deadline for filing Daubert motions.   Defendant further states that the expert's testimony, which is limited the amount of damages which plaintiff can recover, is based only on salary and benefits data contained

_____

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, *509 U.S. 579 (1993).*

in documents produced by defendant.  Because this information can be introduced at trial through lay witnesses, defendant argues, expert testimony is not required.  Finally, defendant contends that the proposed testimony does not satisfy <u>Daubert</u>.

The record before the court establishes that defendant has known the identity of the expert witness since February 14, 2005.  According to material submitted by plaintiff, counsel for defendant was notified of the expert and that the expert would testify regarding plaintiff's "economic losses" allegedly caused by her "separation from employment."     *See* February 14, 2005 correspondence from plaintiff's counsel to defendant's counsel, submitted as defendant's Exhibit 1. Included in that

letter is a hand-written note indicating that counsel is forwarding the expert witness's "C.V."  Thus, defendant was aware of the expert and his background.  On the same date, plaintiff sought and was granted a ten-day extension of time in which to file the expert witness report.  Subsequently, plaintiff sought, and was provided, additional documents regarding wages and related matters to be considered by the expert witness.

Plaintiff's counsel also states that, when seeking an extension of the original expert report deadline, defendant's counsel did not object so long as plaintiff's counsel would agree that defendant could depose the expert witness and seek leave to name its own expert.  Plaintiff's counsel agreed, but states that defendant has never asked to depose the expert witness or indicated an intent to name its own expert.

Plaintiff's failure to comply with Fed. R. Civ. P. 26 and the scheduling order of this court is a violation of the rules and procedures required by this court.  Doing so creates a serious risk of sanctions, including exclusion of the proffered testimony or evidence.  In this case, however, the

court agrees that defendant has not been prejudiced by the delay in providing a formal written expert report.   Defendant's own argument shows that the material included in the report is based on defendant's own documents and records; therefore, defendant cannot be surprised by that material. Further, defendant was told that the testimony would include an analysis of the basis for plaintiff's damages based on lost income and benefits.  Defendant had the opportunity to depose the expert, but did not do so.

Neither is the court persuaded, in these circumstances, that defendant has been prejudiced because the report was not submitted until after the deadline for Daubert motions had expired. Defendant suggests that the testimony at issue does not satisfy the Daubert criteria for admissible expert testimony.  The court disagrees.

Pursuant to Daubert,  the trial court must determine  whether proposed expert witness testimony is admissible under Fed. R. Evid. 702 by first ascertaining if the proposed testimony qualifies as "expert testimony."  Where the testimony is purely scientific, the court must considered certain factors[2] to determine its admissibility.   If, however,  the testimony is not purely scientific, the court has the discretion to consider whether the Daubert factors apply, and they should be considered only to the extent they are relevant to the subject of the testimony.   Kumho Tire Company, Ltd. v. Carmichael, 526 U.S. 137, 150-152 (1999).  Id. at 152.  The inquiry required is a flexible determination which does not necessarily mandate application of all Daubert factors. Kumho, 526 U.S. at 149.  The court is not required to conduct a hearing to perform its "gatekeeping"

---

[2]The Daubert factors applied where the proposed scientific testimony  are: 1)whether the theory or technique used by the expert can be or has been tested; 2) whether the theory or technique has been subjected to peer review and publication;3) the known or potential rate of error of the technique or method; and 4) whether the theory or technique has obtained general acceptance within the scientific community.  509 U.S. at 593-94.

function under <u>Daubert</u> so long as there is sufficient evidence to determine whether the proposed testimony is relevant and reliable.  *See, e.g.,* <u>United States v. Call</u>, 129 F.3d 1402, 1405 (10th Cir. 1997).

In this case, the anticipated testimony is not scientific but is limited to an economic analysis of plaintiff's damages based on lost wages and benefits allegedly incurred as a result of defendant's discriminatory conduct.  In previous cases, this court has found that such testimony is useful to the court and the jury in understanding the basis for the claimed damages.  Such testimony is used in employment discrimination cases, and may be considered by the jury and evaluated in the same manner as other testimony or evidence. *See, e.g.,* <u>James v. Sears, Roebuck and Co., Inc.,</u> 21 F.3d 989, 995 (10th Cir. 1994).  Although defendant contends that the testimony consists largely of wage and benefit information based on defendant's documents and records, that fact does not render the explanatory testimony inadmissible.

Based on the record before the court, the motion is strike [Doc. No. 52] is DENIED. Plaintiff's counsel is strongly cautioned, however, that this ruling is based on the specific circumstances presented in this case, and shall not be viewed as an indication of this court's view of the importance of compliance with the Federal Rules of Civil Procedure or this court's rules.

IT IS SO ORDERED this   7th   of November, 2005.


RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE